UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                        )
UNITED STATES OF AMERICA                )
                                        )
                                        )
        v.                              )
                                        )   No. 91-CR-115-WES-3
DONNA L. SACCOCCIA,                     )
                                        )
            Defendant.                  )
                                        )
                                        )
UNITED STATES OF AMERICA                )
                                        )
                                        )
                                        )
        v.                              )
                                        )   No. 91-CR-115-WES-4
VINCENT HURLEY,                         )
                                        )
            Defendant.                  )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court are Donna Saccoccia's Petition for Writ of Error Coram Nobis to Vacate Forfeiture Judgment and Motion for Refund"[1] ("Def. Pet."), ECF No. 478, and Vincent Hurley's Motion to Adopt Motion of Other Defendants,[2] ECF No. 456. For the reasons

---

[1] Donna Saccoccia's petition was originally incorrectly docketed under Stephen Saccoccia's case number (91-CR-115 (1)). It was re-docketed correctly but the ECF numbers and filings are now out of order.

[2] The Court addresses the arguments in Donna Saccoccia's petition, and assumes that Hurley is adopting those arguments in his Motion.

1

that follow, the Court DENIES both Saccoccia's Petition and Hurley's Motion.

I. Background

Petitioner Donna Saccoccia, as well as her brother, Vincent Hurley, her husband, Stephen Saccoccia[3], and other co-defendants, were convicted in 1993 of a RICO conspiracy involving money laundering. United States v. Saccoccia, 823 F. Supp. 994, 997 (D.R.I. 1993). Donna Saccoccia was sentenced to 14 years in prison and a forfeiture judgment of $136,344,231.86, the amount that Judge Torres found that the defendants had laundered on behalf of Columbian drug traffickers. See United States v. Hurley, 63 F.3d 1, 7 (1st Cir. 1995); Saccoccia, 823 F. Supp. at 1006.

Petitioner filed her petition on May 4, 2018 and Hurley filed his motion on May 30, 2018. The United States filed its Response to Defendants' Petition for Writ of Coram Nobis ("Gov't Resp."),

---

[3] In a different procedural attempt to make the same claim his wife makes here, Stephen Saccoccia filed a civil complaint also seeking relief from his forfeiture judgment based on United States v. Honeycutt, 137 S.Ct. 1626 (2017). Saccoccia v. U.S., No. 18-266 WES, 2019 WL 1382280, at *1 (D.R.I. March 27, 2019). In that case, this Court granted the Government's Motion to Dismiss Saccoccia's complaint. Id. at *3.
The First Circuit also denied Stephen Saccoccia's petition to file a successive 28 U.S.C. § 2255 motion that again sought relief from the forfeiture order based on Honeycutt. See First Circuit Case No. 18-1172, Document 00117261316 (Petition) and ECF No. 453 (Order). His wife now seeks a third bite at the apple in this petition.

which responds to both Saccoccia's Petition and Hurley's Motion, on August 13, 2018, ECF No. 460. This Order follows.

II. Discussion

    A. Writ of Coram Nobis

Petitioner brings this claim pursuant to the All Writs act, 28 U.S.C. § 1651, a remedy available to "fill whatever interstices exist in the post-conviction remedial scheme made available to federal prisoners by way of [28 U.S.C. §] 2255." Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) (citing United States v. Ayala, 894 F.2d 425, 428 (D.C. Cir. 1990)). Petitioner argues that United States v. Honeycutt, 137 S. Ct. 1626 (2017), which held that the Government's right to obtain forfeited proceeds under 21 U.S.C. § 853 is limited to property the defendant actually acquired, should also be applied to forfeitures under 18 U.S.C. § 1963. Def. Pet. 3-4. Therefore, petitioner argues, the forfeiture judgment against her, which was based on joint and several liability, should be vacated. Def. Pet. 4.

A court may grant relief under the writ of error coram nobis only where a plaintiff "explain[s] his failure to seek earlier relief from the judgment, show[s] that he continues to suffer significant collateral consequences from the judgment, and demonstrate[s] that the judgment resulted from an error of the most fundamental character." United States v. George, 676 F.3d 249, 254 (1st Cir. 2012)). Moreover, "it is not enough for a coram

nobis petitioner to show that he can satisfy the elements of the tripartite test: he must also show that justice demands the extraordinary balm of coram nobis relief." Id. at 255 (citing Hager v. United States, 993 F.2d 4, 5 (1st Cir. 1993)).

Assuming arguendo that this writ is the proper procedural vehicle for this challenge, that the holding of Honeycutt applies to the statute at issue in this case, and that Honeycutt applies retroactively – all issues the Court need not decide today – Petitioner's claims fail on their substance. Simply put, there is no error here to correct. The sentencing judge found that both Petitioner and her husband were deeply involved in the conspiracy to launder drug cartels' money by purchasing gold. Saccoccia, 823 F. Supp. at 998. Specifically, both Donna and Stephen controlled the account through which the $136,344,231.86 was laundered, and that was the amount Donna was ordered to forfeit. Id. at 999; Hurley, 63 F.3d at 7. Vincent Hurley chose to have the jury determine, by special verdict form, that he was liable for the same amount of money also. Hurley, 63 F.3d at 20. Thus, there is no legal merit to their argument that the forfeiture judgments against Donna and Vincent should be vacated because they were based on joint and several liability.

Furthermore, even if Petitioner could convince the court that an "error" was made in the forfeiture judgments, Petitioner has clearly not shown that it was an "error of the most fundamental

character." George, 676 F.3d at 254. Courts, including this one, have held that "alleged errors in restitution orders, criminal fines, and forfeiture orders are not 'fundamental to the underlying convictions.'" Saccoccia, 2019 WL 1382280 at *2 (quoting United States v. Iacaboni, 592 F. Supp. 2d 216, 221 (D. Mass. 2009)); see United States v. Sloan, 505 F.3d 685, 697 (7th Cir. 2007); United States v. Keane, 852 F.2d 199, 204 (7th Cir. 1988); Lowery v. United States, 956 F.2d 227, 229 (11th Cir. 1992). Therefore, Plaintiff fails to state a plausible claim for coram nobis relief.

B. 28 U.S.C. § 1355 Motion for Refund

Petitioner also asks this Court to order a refund of all money seized by the Government until now, pursuant to 28 U.S.C. § 1355. Def. Pet. 1, 8. However, even if this were a valid procedural avenue through which to challenge the forfeiture order, this challenge is premised on the idea that "Honeycutt invalidated the judgment," which, for the reasons described above, it did not. Def. Pet. 8. Thus, petitioner's claim under § 1355 also fails.

C. Conclusion

Therefore, for all the reasons outlined above, the Petitioner's Writ of Error Coram Nobis is DENIED, and Hurley's Motion to Adopt Motion of Other Defendants is also DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: November 6, 2019